65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Israel LARA, Defendant-Appellant.
 No. 95-30040.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Israel Lara appeals his jury conviction for conspiring to distribute and distributing cocaine and heroin in violation of 21 U.S.C. Secs. 846, 841(b)(1)(A), 841(b)(1)(B). Lara claims the district court denied his Sixth Amendment rights by limiting his cross-examination of a government witness. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo whether a limitation on cross-examination was so severe as to amount to a violation of the Confrontation Clause. United States v. Jenkins, 884 F.2d 433, 435 (9th Cir.), cert. denied, 493 U.S. 1005 (1989). "Generally, once cross-examination reveals sufficient information with which to appraise a witness's possible bias and motives, confrontation demands are satisfied. United States v. Dischner, 974 F.2d 1502, 1514 n. 12 (9th Cir.1992) (quotation omitted), cert. denied, 113 S.Ct. 1290 (1993).
 
 
 4
 Here, Lara was arrested after he handed cocaine and heroin to a federal agent. Hal Bradley, a chief witness for the government, testified that he had set up Lara in the course of his ongoing undercover efforts for the Drug Enforcement Agency to "work off a beef." At one point during Bradley's cross-examination, which, we note for the record, fills sixty-four of the 238 pages of trial transcript, the district court asked defense counsel to "move on." Our close review of the transcript shows that Bradley was exhaustively cross-examined by both Lara's and his codefendant's attorneys. We are satisfied that the jury had ample information to appraise Bradley's motives. See id. We discern no Sixth Amendment violation and we uphold Lara's conviction. See Jenkins, 884 F.2d at 435.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3